Filed 4/24/26  P. v. Toney CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B346889 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. 25TRCF00091) |
| KEIFER SCOTT TONEY, | |
| Defendant and Appellant. | |

APPEAL from judgment of the Superior Court of the County of Los Angeles, Kelly M. Kelley, Judge.  Affirmed.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# OPINION

An information alleged that defendant Keifer Scott Toney attempted to take a bicycle from its owner by means of force and fear and charged him with one count of attempted second degree robbery (Pen. Code, §§ 664, 211), a felony.

At trial, Cooper B., then 14 years old, testified that on February 1, 2025, he left his bicycle outside and unlocked while he ate inside a Wendy's restaurant. Through a window, he saw defendant grab the bicycle. Cooper went outside, and the two briefly tugged the bicycle back and forth between them before Cooper gained possession. Defendant fled.

The jury was instructed on the greater offense of attempted second degree robbery (CALCRIM No. 1600), the lesser-included offense of attempted theft by larceny (CALCRIM No. 1800), attempted grand theft (CALCRIM No. 1801), and attempted petty theft (*ibid.*). It found defendant not guilty of attempted second degree robbery and attempted grand theft but found him guilty of attempted petty theft, a misdemeanor. Defendant waived arraignment for judgment and stated no legal cause why sentence should not be pronounced. The court denied probation, sentenced him to 90 days in the Los Angeles County jail, and released him for time served. Defendant appealed.

After reviewing the record, defendant's court-appointed counsel filed an opening brief requesting that we independently review the record under *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). On December 12, 2025, we directed defendant's counsel to send defendant the record and a copy of the opening brief. We notified defendant he had 30 days to file a supplemental brief raising any contentions or arguments he wished this court to consider. Counsel filed a declaration

attesting that she complied with our directions and reminded defendant of his right to file a supplemental brief within 30 days.[1]  Defendant did not file a supplemental brief.

We have examined the entire record and are satisfied that no arguable issues exist.  Defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MORI, J.

We concur:


ZUKIN, P. J.


COLLINS, J.

---

[1]	Counsel moved to be relieved as appointed counsel, "if [defendant] so requests."  The motion is denied, as defendant filed no such request.

3